IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT MAYFIELD and
TONYA MAYFIELD,

        Plaintiffs,

v.                                                Case No. 14-1307–JTM

HARVEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This case arises out of an incident involving the death of plaintiffs Kent and Tonya Mayfield's dog. Before the court are defendant Harvey County District Court's ("District Court") Motion to Dismiss (Dkt. 23) and plaintiffs' Motion for Default Judgment (Dkt. 30). The court addresses the motions in turn.

**I. Background**

The following facts are alleged in the complaint. (Dkt. 1). On July 13, 2014, at about 8:30 am, Harvey County Sheriff deputies Carman Clark and Jim Bethards saw two of plaintiffs' dogs lying peacefully in plaintiffs' front yard. Plaintiffs were not home. The deputies entered plaintiffs' property without a warrant. Clark shot at one of the dogs and missed. Bethards then shot and killed the second dog on plaintiffs' front porch. The deputies removed the deceased dog from the porch and covered the blood with dirt. The deputies left the scene. Plaintiffs were notified of the killing by a local

witness and returned home at about 9:45 am. Plaintiffs found the deputies talking to a neighbor and approached them to learn about the incident. Plaintiff Kent Mayfield was openly carrying a sidearm when he approached Clark. Clark threatened to use deadly force unless Kent surrendered his firearm. Kent complied. Clark returned Kent's firearm at the end of the encounter, but retained the ammunition magazine overnight.

Plaintiffs brought this suit under 42 U.S.C. § 1983 against three sets of defendants: (1) the Harvey County District Court ("District Court"); (2) eight Harvey County defendants;[1] and (3) six John/Jane Doe defendants.[2] Plaintiffs allege Fourth Amendment violations, various state-law torts, and various crimes against all defendants.

## II. Analysis

**A. Harvey County District Court's Motion to Dismiss (Dkt. 23)**

Defendant Harvey County District Court moves to dismiss the claim against it for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

The Eleventh Amendment of the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or Subjects of any Foreign State." It is well-established that, under the Eleventh Amendment, "an unconsenting State is immune from suits brought

---

[1] The "Harvey County Defendants" are Harvey County District Attorney Greg Nye, the Harvey County Sheriff's Department, and the following members of the Harvey County Sheriff's Department: Sheriff T. Walton, Corporal Tim Boese, Sergeant Scott Motes, Undersheriff Todd Hanchett, Deputy Jim Bethards, and Deputy Carman Clark.
[2] Defendants served summonses on three John Does and three Jane Does. Summonses served on Jane Doe (2) and John Doe (3) were returned unexecuted. (Dkts. 21, 22).

in federal courts by her own citizens as well as by citizens of another state." *Employees v. Missouri Pub. Health & Welfare Dept.*, 411 U.S. 279, 280 (1973). "The Eleventh Amendment is a jurisdictional bar that precludes suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). Kansas district courts are subdivisions of the state and are thus arms of the state for purposes of Eleventh Amendment sovereign immunity. *See* KANSAS CONST. art. III, § 6. The Eleventh Amendment "bar to federal court jurisdiction with respect to Kansas and its agencies applies both to claims for monetary and injunctive relief." *Ellis v. University of Kan. Med. Ctr.*, 163 F. 1186, 1196 (10th Cir. 1998).

Although sovereign immunity jurisprudence is not entirely analogous to either subject matter jurisdiction or personal jurisdiction, it is frequently asserted as a bar on subject matter jurisdiction. *See Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment does not automatically destroy original jurisdiction. Rather, it grants the State legal power to assert a sovereign immunity defense . . . ."). Federal courts can exercise neither diversity nor federal question jurisdiction over a State when Eleventh Amendment sovereign immunity is asserted. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). Therefore, a motion to dismiss for lack of subject matter jurisdiction is an appropriate means of asserting an Eleventh Amendment sovereign immunity defense. *See* FED. R. CIV. P. 12(b)(1).

Plaintiffs are citizens of Kansas and bring this federal question action for monetary damages against District Court, an arm of the State of Kansas. District Court

3

asserts an Eleventh Amendment sovereign immunity defense in its Rule 12(b) motion. Plaintiffs are therefore jurisdictionally barred from bringing this suit in federal court against District Court. Plaintiffs' claims as to defendant District Court are dismissed with prejudice.

Defendant's motion (Dkt. 23) is GRANTED.

**B. Plaintiffs' Motion for Default Judgment (Dkt. 30)**

On November 18, 2014, plaintiffs filed a motion for default judgment against all defendants. Plaintiffs argue that defendants have not responded to their respective summonses. Plaintiffs seek entry of judgment against all defendants for the full amount of punitive damages sought, $300,000. (Dkt. 30, at 1).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Whether to enter default judgment is within the discretion of the district court. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). A timely-filed motion to dismiss is an affirmative action taken to defend against a complaint. *See, e.g.*, *Hise v. Philip Morris Inc.*, 208 F.3d 226, 226 (10th Cir. 2000) (unpublished) (default judgment inappropriate where defendant timely filed motion to dismiss).

Here, plaintiffs argue that all defendants are subject to default judgment for failure to respond to summonses. Defendant District Court was required to respond by November 10, 2014, and it timely filed a motion to dismiss on October 31, 2014. (Dkt. 23). District Court properly took action to defend and is dismissed from this matter.

4

Harvey County Defendants were to respond to the complaint by December 22, 2014, per court order. (Dkt. 35). They timely filed a motion to dismiss on December 22, 2014, and have thus taken action to defend. (Dkt. 37). Therefore, entry of default judgment against Harvey County defendants is improper.

The John/Jane Doe defendants have not defended this action in any way. However, a recently-filed Motion to Dismiss (Dkt. 37) is pending. In light of the possibility of *sua spontae* dismissal of claims against the John/Jane Doe defendants, the court does not enter default judgment against those defendants at this time.

Default Judgment against any defendant is improper at this time. Plaintiffs' motion (Dkt. 30) is DENIED.

IT IS ACCORDINGLY ORDERED this 11th day of February, 2015, that Harvey County District Court's Motion to Dismiss (Dkt. 23) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' Motion for Default Judgment (Dkt. 30) is DENIED.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE