IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT MAYFIELD and
TONYA MAYFIELD,

           Plaintiffs,

v.                                    Case No. 14-1307–JTM

HARVEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

           Defendants.

## MEMORANDUM AND ORDER

Before the court is Harvey County defendants'[1] motion to dismiss (Dkt. 37). This case arises out of the shooting of plaintiffs Kent and Tonya Mayfield's dog. Plaintiffs, acting pro se, brought this suit under 42 U.S.C. § 1983, seeking monetary damages against three sets of defendants: (1) the Harvey County District Court ("District Court"), (2) eight Harvey County defendants, and (3) six John/Jane Doe defendants.[2] Plaintiffs allege Fourth Amendment violations, Due Process violations, various state-law torts, and crimes against defendants. On February 11, 2015, the court dismissed all claims against the District Court. (Dkt. 49). The Harvey County defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and further assert qualified immunity as a defense. As discussed below, plaintiffs' Fourth

[1] The "Harvey County defendants" are Harvey County District Attorney Greg Nye, the Harvey County Sheriff's Department, and the following members of the Harvey County Sheriff's Department: Sheriff T. Walton, Corporal Tim Boese, Sergeant Scott Motes, Undersheriff Todd Hanchett, Deputy Jim Bethards, and Deputy Carman Clark.

[2] Plaintiffs served summonses on three John Does and three Jane Does.

Amendment claim against defendant Bethards remains; all other claims against all other defendants are dismissed.

## I. Background

Consistent with the court's obligation to accept as true plaintiffs' alleged facts when determining the sufficiency of a pleading, the following factual background is adopted from the complaint. (Dkt. 1).

On July 13, 2014, at about 8:30 am, Harvey County Sheriff deputies Jim Bethards and Carman Clark were driving by plaintiffs' house. They saw two of plaintiffs' dogs lying peacefully in plaintiffs' front yard. Plaintiffs were not home. The deputies entered plaintiffs' property without a warrant. Clark shot at one of the dogs and missed. Bethards then shot and killed the second dog on plaintiffs' front porch. The deputies removed the deceased dog from the porch and covered the blood with dirt. The deputies left the scene. Plaintiffs were notified of the killing by a local witness and returned home at about 9:45 am.

Plaintiffs encountered Clark talking to a neighbor and approached them to learn about the incident. Tonya Mayfield and plaintiffs' two children remained in plaintiffs' pickup truck. Plaintiff Kent Mayfield approached Clark while openly carrying a firearm. Clark threatened to use deadly force unless Kent surrendered his firearm. Kent complied. Clark returned Kent's firearm at the end of the encounter, but retained the ammunition magazine overnight. The magazine was returned the following day, July 14, 2014, but only after plaintiffs contacted the Harvey County District Attorney about the incident.

Also on July 14, 2014, plaintiffs met with Sheriff Walton and explained that they thought crimes had been committed against them. Sheriff Walton refused to make the officers apologize for their actions. At a later, unspecified date, Sheriff Walton released unspecified inflammatory information to the local media with intent to harm plaintiffs. Sheriff T. Walton, Corporal Tim Boese, Sergeant Scott Motes, Undersheriff Todd Hanchett, and other unspecified officers were aware of the allegedly criminal acts of Bethards and Clark "but did nothing to stop the criminal cover up of their actions." (Dkt. 1, at 2).

## II. Legal Standard

Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but the complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where a complaint fails to sufficiently

plead a plausible claim to relief, the complaint may be dismissed. FED. R. CIV. P. 12(b)(6).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (clarifying and affirming *Twombly* 's probability standard). "While the 12(b)(6) standard does not require that [a] [p]laintiff establish a prima facie case in [his] complaint, the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir. 2012).

Although pro se filings are to be construed liberally, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). "Pro se parties must follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).

### III. Analysis

**A. Plaintiffs State A Fourth Amendment Claim Against Bethards**

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV.

### 1. Plaintiffs Allege A Fourth Amendment Violations Against Bethards

Plaintiffs allege that Bethards violated their Fourth Amendment rights by unlawfully seizing their dog. For purposes of the Fourth Amendment, "[a] seizure of

4

property occurs when there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobson*, 466 U.S. 109, 113 (1984) (items of personal property are effects under the Fourth Amendment). The Fourth amendment expressly requires a warrant to issue "upon probable cause, supported by Oath or affirmation, and particularly describing the . . . things to be seized." U.S. CONST. amend. IV. Absent a warrant, a valid warrant exception must justify the seizure. *Horton v. California*, 496 U.S. 128, 133 (1990). It is well established that individuals have a property right in dogs. *See, e.g., Harrington v. Miles*, 11 Kan. 480, 482-83 (1873). Thus, the court finds that the destruction of a dog is a seizure of effects under the Fourth Amendment.[3]

Plaintiffs allege that Bethards, a Sheriff's Deputy, saw their dogs lying peaceably in the yard while driving by. They further allege that he entered their yard, approached their dog, and seized it – by killing it – without a warrant. They allege that the dog did not behave aggressively toward Bethards. Although other justifications may exist under state law for the killing, the allegations detail a *plausible* claim against Bethards for an unreasonable seizure of property by a state actor in violation of the Fourth Amendment. This claim survives the traditional Rule 12(b)(6) pleading standards.

---

[3] The court's determination that the destruction of a dog is a seizure of effects under the Fourth Amendment is not unique. Although the Tenth Circuit has not yet confronted the question, many circuits have expressly adopted the position that the killing of a pet dog is a Fourth Amendment seizure. *Moore v. Town of Erie*, 2013 WL 3786646, at *2 (D. Colo. July 19, 2013) (citing decisions from the 2d, 3rd, 4th, 5th, 8th, 9th, and D.C. Cir. in support).

## 2. Bethards Is Not Entitled To Qualified Immunity on Motion to Dismiss

In addition to the traditional pleading standards of Rule 12(b)(6), government officials may also move to dismiss a § 1983 complaint by asserting a qualified immunity defense. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "A government official sued under § 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014).

When evaluating qualified immunity within a motion to dismiss, the court should dismiss the complaint only if "it appears beyond doubt that plaintiff[s] can prove no set of facts" showing that: (1) defendants deprived them of a constitutional right; and (2) those rights were clearly established at the time of deprivation. *Peterson v. Jensen*, 371 F.3d 1199, 1201-02 (10th Cir. 2004). The court may consider the two prongs in any order. *Pearson*, 555 U.S. at 236. The state official is entitled to qualified immunity unless both prongs are satisfied. *Carroll*, 135 S. Ct. at 350. For purposes of qualified immunity, "[t]he law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts

6

shows that the right must be as plaintiff maintains." *Harman v. Pollock*, 586 F.3d 1254, 1261 (2009).

As addressed above, it is possible that plaintiffs could prove that Bethards violated their Fourth Amendment rights by unreasonably seizing their dog. Therefore, plaintiffs succeed on the first prong of Bethards's qualified immunity defense.

As to the second prong, there are no Supreme Court or Tenth Circuit cases determining whether dogs are "effects" under the Fourth Amendment. However, the Second, Third, Fourth, Fifth, Eighth, Ninth, and D.C. Circuits have established law to that effect. *Moore v. Town of Erie*, 2013 WL 3786646, at *2 (D. Colo. July 19, 2013). Further, it has been clear that dogs are personal property under Kansas law for well more than a century. *See*, *e.g.*, *Harrington*, 11 Kan. at 482-83.  It has also been clear since at least *Jacobson* that seizure of property implicates the Fourth Amendment. Thus, the clearly established weight of authority shows that the Fourth Amendment right to be free from the unreasonable seizure of a pet dog was well established at the time of the incident in question.

Whatever lawful justifications may conceivably exist for the seizure of the dog, the court is not prepared to say that it is beyond doubt that plaintiffs can prove no set of facts in support of this Fourth Amendment claim. Therefore, Bethards is not entitled to qualified immunity for failure to state a claim upon which relief can be granted. The claim survives defendants' motion to dismiss.

**B. Clark Is Entitled To Qualified Immunity**

Plaintiffs allege that Clark violated their Fourth Amendment rights by unreasonably seizing Kent's firearm and magazine.

Under the Fourth Amendment, "temporary seizures of persons or objects may be permissible when reasonably connected to the safety of officers, *United States v. Maddox*, 388 F.3d 1356, 1362 (10th Cir. 2004), or the protection of others." *United States v. Gordon*, 741 F.3d 64, 71 (10th Cir. 2014) (citing *United States v. Bishop*, 338 F.3d 623, 628 (6th Cir. 2003) ("[A] police officer who discovers a weapon in plain view may at least temporarily seize that weapon if a reasonable officer would believe, based on specific and articulable facts, that the weapon poses an immediate threat to officer or public safety.")).

Plaintiffs allege that Kent returned home upon hearing of his dog's death. He then left his home and found the officer speaking with a neighbor. Kent, an armed citizen, initiated an encounter with the officer. With his firearm displayed on his hip, Kent confronted the officer about the shooting death of his dog just hours earlier. Kent did not leave his firearm in his vehicle. His wife and two children remained in the vehicle.

A reasonable officer would conclude that Kent's firearm presented a threat to himself, other officers present, and – most importantly – the wife and children in the nearby vehicle.   Under no set of facts could plaintiffs prove that, under the circumstances, Kent's weapon would not reasonably be interpreted as an immediate

threat to officers and others. The initial seizure was thus reasonable under the safety exception expressed in *Maddox* and *Gordon*.

Further, the overnight seizure of Mayfield's ammunition magazine was not unreasonable. "To determine the constitutionality of a seizure we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985). The totality of the circumstances must justify the seizure. *Id.* at 9.

Here, the governmental interest at stake is the protection of officers and others when faced with an encounter initiated by an armed citizen. The encounter is less likely to escalate if the citizen's firearm cannot discharge. If officers returned the magazine before the encounter terminated, they would simply restore the previously-dissipated immediate threat to safety: Kent's immediate access to a firearm. The intrusion – the overnight deprivation of an ammunition magazine - is minimal. The Fourth Amendment intrusion is justified by the totality of the circumstances.

The court cannot conceive of any set of facts that plaintiffs can prove whereby it is unreasonable for an officer to seize the openly displayed firearm of a citizen who initiates an encounter with the officer for the purpose of confrontation regarding a personal grievance. Accordingly, Clark is entitled to qualified immunity for failure to state a claim. Plaintiffs' Fourth Amendment claim against Clark is dismissed with prejudice.

## C. Harvey County Sheriff's Department is Dismissed

Capacity to be sued is governed by the law of the state in which a federal court sits. FED. R. CIV. P. 17(b)(3). Under Kansas law, subordinate government agencies cannot be sued absent express statutory authorization. *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985). This court has applied the Kansas rule to Sheriff's Departments, in accord with K.S.A. §§ 75-6101 to 6120. *See, e.g., Fugate v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001); *Wright v. Wyandotte Cnty. Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan. 1997). Accordingly, the HCSD lacks capacity to be sued. Plaintiffs therefore cannot state a claim against the HCSD for which relief can be granted. All claims against the HCSD are dismissed with prejudice.

## D. Defendants Boese, Hanchett, Motes, Nye, and Walton are Dismissed

Plaintiffs allege that defendants are guilty of various crimes. Private citizens have no standing to assert criminal charges, nor have they any cognizable interest in the prosecution or nonprosecution of others. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, all criminal allegations are not merely implausible; they are impossible for want of standing. All claims of criminal conduct are dismissed with prejudice as to all defendants.

The balance of plaintiffs' allegations are various torts and generalized allegations of due process violations. Plaintiffs do not provide allegations of facts connecting the defendants with the various violations. The majority of violations alleged appear in list format, lacking any supporting factual allegations. It is unclear whether any of the torts

are alleged as constitutional torts, as would be necessary to prevail in the face of defendants' qualified immunity defenses.[4]

For example, plaintiffs specifically allege that Walton "release[d] false inflamtory [sic] information to the local media meant to cause harm to our reputation, warranting Legal Malice and Larson." (Dkt. 1, at 2).  Neither "Legal Malice" nor "Larson" are causes of action. To the extent this sentence can be interpreted as alleging defamation, plaintiffs have not pled any facts sufficient to render the claim plausible. The complaint is otherwise conclusory and provides only the names of violations or labels defendants as such violators.

Other than the Fourth Amendment claim against Bethards discussed in section A, *supra*, Plaintiffs fail to allege facts sufficient to state a plausible claim to relief for any constitutional torts or due process violations. Therefore, all non-criminal claims against Boese, Hanchett, Motes, Nye, and Walton are dismissed without prejudice.

### E. John/Jane Doe Defendants Are Dismissed Sua Sponte

The Tenth Circuit has held that a district court may dismiss a pro se complaint with prejudice sua sponte under Rule 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to

---

[4] Plaintiffs fail to plead allegations sufficient to decipher which torts, if any, they wish to bring as constitutional violations of due process. Constitutional protections apply only to those "transgressions *above and beyond* those covered by the ordinary civil tort system . . . ." *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008)  (emphasis in original) ("What differentiates a constitutional transgression from an ordinary common law tort is a 'level of executive abuse of power . . . that . . . shocks the conscience.''). It appears from the face of the complaint that plaintiffs bring the named torts as ordinary state-law torts for which state-law provides adequate redress. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981). As discussed above, these allegations lack sufficient factual pleading to render a plausible claim, even as constitutional torts.

amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *accord Smith v. New Mexico*, 94 F. App'x 780 (10th Cir. 2004) (unreported).

Plaintiffs neither name nor identify Doe defendants in the complaint. Plaintiffs allege that "[a]ny person who knowingly complied and/or contributed to the criminal actions and criminal altering of evidence to protect the officers is guilty of their crimes and should be punished accordingly." (Dkt. 1, at 3). This is the only allegation that could be construed as against a party not named in the complaint. Thus, even liberally construed, the complaint asserts only criminal allegations against Doe defendants.[5] Private citizens lack standing to assert criminal charges. *Linda R.S.*, 410 U.S. at 619.  Therefore, it is patently obvious that plaintiffs cannot prevail against the Doe defendants on the facts alleged. Plaintiffs' allegations against John/Jane Does are dismissed with prejudice.

IT IS ACCORDINGLY ORDERED this 26th day of March, 2015, that defendants' Motion to Dismiss (Dkt. 37) is DENIED to the extent that a Fourth Amendment claim against Bethards remains and GRANTED to the extent that the complaint is otherwise DISMISSED.

s\ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

---

[5] "One cannot become a party without being named and served . . . ." *Cash v. Marion Cnty. Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) (unreported). Here, plaintiffs served the Doe defendants by mail at the Harvey County Sheriff's Department (Dkts. 6, 7, 8, 10, 11, 12) but neither named them in the caption nor identified them in the complaint. "The title of the complaint must name all the parties . . . ." FED. R. CIV. P. 10(a). Nevertheless, "a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Accordingly, the court liberally construes the complaint to include only criminal allegations against the Doe defendants.

12