IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT MAYFIELD and
TONYA MAYFIELD,

        Plaintiffs,

v.                                                Case No. 6:14-cv-01307-JTM

HARVEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' "Motion for Reconsideration." Dkt. 69. Among other things, the motion asks the court to reconsider prior rulings dismissing several defendants and finding that defendant Carmen Clark is entitled to qualified immunity. For the reasons stated below, the motion is denied.

**Background.**

On September 12, 2014, plaintiffs filed a *pro se* complaint against a number of defendants, including Harvey County Sheriff's Deputy Carmen Clark and part-time Deputy Jim Bethards. The complaint alleged that Clark and Bethards entered on plaintiffs' property and, without cause or justification, shot at the plaintiffs' two dogs. Clark allegedly fired at one dog and missed, while Bethards allegedly wounded the other dog with one shot and killed it with additional shots. Both officers then allegedly attempted to cover up their actions. Plaintiffs were not at home at the time but returned a short time later. Kent Mayfield, who was openly carrying a firearm, approached

Clark, who was talking to a neighbor. Clark threatened to use deadly force unless Kent surrendered his firearm. Kent complied. Clark returned Kent's firearm at the end of the encounter, but retained the ammunition magazine overnight.

Plaintiffs' complaint named three sets of defendants: the Harvey County District Court; eight Harvey County defendants; and six "John/Jane Doe" defendants. It asserted claims for Fourth Amendment violations, Due Process violations, state-law torts, and criminal violations. It sought monetary damages of $300,000 and punitive damages in excess of $75,000.

On February 11, 2015, the court granted a motion to dismiss the Harvey County District Court, finding any claim against the court was barred by Eleventh Amendment immunity. Dkt. 49 at 4. On March 26, 2015, the court granted a motion to dismiss all of the remaining defendants except Deputy Bethards. Dkt. 51. The court found plaintiff had stated a valid Fourth Amendment claim against Bethards and that Bethards was not entitled to qualified immunity. *Id.* at 5-7. The court found that Deputy Clark was entitled to qualified immunity as to the claim that Clark's seizure of Kent's firearm violated his Fourth Amendment rights. *Id.* at 9. The court found that the Harvey County Sheriff's Department was entitled to dismissal because it did not have the capacity to be sued, and that the remaining named defendants were entitled to dismissal because plaintiffs had no standing to assert criminal charges against them and because the complaint failed to otherwise state valid claims for relief. The court also dismissed the claims against unnamed John/Jane Doe defendants.

Plaintiffs appealed the court's ruling as to some defendants, including Clark, but the Tenth Circuit dismissed the appeal for lack of jurisdiction. Dkt. 61. Defendant Bethards also appealed. The Tenth Circuit affirmed the ruling as to Bethards, finding the complaint stated a valid Fourth Amendment claim against him and that he was not entitled to qualified immunity. Dkt. 63.[1]

**Motion to Reconsider**.

Plaintiffs' "Motion for Reconsideration" contains a number of requests. Dkt. 69. It argues the court erred "in granting qualified immunity to Carmen Clark [and] therefore should reconsider its decision and allow the Mayfields to bring their complaint to a jury." *Id*. at 4. It asserts that plaintiffs "are requesting mental evaluations for Deputies Carmen Clark and Jim Bethards" because an assessment will show that "they do not have the temperament nor the moral integrity to carry a loaded firearm and a badge of authority." *Id*. at 5. It asserts that newly discovered evidence requires the court to "reconsider its premature dismissal of other defendants." *Id*. at 6. Finally, it asserts that plaintiffs "will now Amend their complaint by increasing the damages to $250,000 for pain and suffering for each individual in the Mayfield family," for a total of $1,000,000. *Id*. at 7-8.

The court rejects plaintiffs' request to reconsider its ruling that Deputy Clark is entitled to qualified immunity. The basis for the request is not entirely clear, but appears to be based on assertions that plaintiffs "have repeated plausible allegations of

---

[1] The Tenth Circuit noted Bethards' assertion that the dogs had just killed some livestock and that Kansas law (K.S.A. § 47-646) permitted the killing of the dogs. The court noted that the assertion was not based on the complaint and could not be considered on a motion to dismiss.

unlawful conduct by Carmen Clark," and that the court erred by characterizing the intrusion from a one-day deprivation of plaintiff's ammunition clip as "minimal." Dkt. 69 at 4-5. Plaintiffs have demonstrated no manifest error in the court's prior rulings, no newly discovered evidence or change in the law that would warrant a different ruling, and no other basis for reconsideration of the prior order. *See* Dkt. 51 at 8 (noting that under the Fourth Amendment, temporary seizures of persons or objects may be permissible when reasonably connected to the safety of officers or the protection of others).

Plaintiffs' request for an order requiring mental evaluations of Deputies Clark and Bethards is also denied. Rule 35 of the Federal Rules of Civil Procedure provides in part that, for good cause, the court may order a mental examination of a party whose mental condition is in controversy. The "in controversy" requirement is not satisfied merely because the information sought is relevant. *Chaparro v. IBP, Inc.*, 1994 WL 714369, *2 (D. Kan. Dec. 7, 1994). The movant must "come forward with evidence, by affidavit or otherwise, to show that a mental evaluation of [the party] … will be of value to the trier of fact." *Id*. (citation omitted). Plaintiffs fail to show that the mental condition of either of the deputies is in controversy, is relevant, or would assist the trier of fact in deciding any issue in the case.

Plaintiffs' motion also asserts that newly discovered evidence "require[s] that the court reconsider its premature dismissal of other defendants." Dkt. 69 at 6. The only claim of new evidence in plaintiffs' motion, however, is an unsupported assertion that "[e]vidence discovered through eye witness testimony along with currently released

4

reports from the defense places Corporal Beose on the Mayfields['] property assisting in the illegal search and removal and destruction of the [Mayfields'] property." *Id*. But plaintiffs have not cited to any such evidence, have not shown that it is newly discovered, and have not shown they could not have obtained it previously through due diligence. In sum, they have shown no grounds for reconsideration. *See Conejo v. Coleman Cable, LLC*, 2016 WL 4060292, *1 (D. Kan. July 29, 2016) (a motion to reconsider is not a second chance for a party to make its strongest case).

Finally, the court construes plaintiffs' assertion that they will amend their complaint to increase damages as a motion to amend the complaint. The court concludes that the request should be denied for two reasons. First, the proposed amendment is beyond the deadline in the scheduling order and plaintiffs fail to show good cause for the delay. Second, plaintiffs fail to cite any valid factual basis for the asserted increase in damages, which appears to be premised in part on alleged unfairness in the litigation process (Dkt. 69 at 6-7), and in part on claims of damages by other family members who are not parties to this litigation. Neither assertion is a valid basis for amending the complaint.

**IT IS THEREFORE ORDERED** this 27th day of October, 2016, that plaintiffs' Motion for Reconsideration (Dkt. 69) is DENIED.

    ___s/ J. Thomas Marten_____
    J. THOMAS MARTEN, JUDGE