IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENT MAYFIELD and
TONYA MAYFIELD**,

                Plaintiff(s),

v.                                       Case No. **14-1307-JTM-KGG**

**JIM BETHARDS**,

                Defendant(s).

### ORDERS ON DISCOVERY DISPUTES

On November 15, 2016 the Magistrate Judge held a Status Conference. Plaintiffs Kent Mayfield and Tonya Mayfield were present, *pro se*. Defendant Jim Berthards was represented by his attorneys Sharon E. Rye and Toby Crouse.

The parties have a number of disagreements concerning discovery. Some of these are described in the submissions to the Court filed as Attachments 1 and 2 to Docket Number 74. Because of the form of the submissions and some ambiguity concerning the requested relief, these have not been docketed as motions, and the Court ordered the Defendant not to file formal responses to the matters contained therein (Doc. 74). During the Status Conference some issues were discussed and considered by the Court. This Order reflects the result of those efforts.

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S REQUEST TO ENTER AND INSPECT** (Doc. 74-1, pages 1-3). The Court interprets this portion of Plaintiffs' submission as a motion for protective order. Defendant waived the right to file a written response, and the Court considered oral argument of Defendant on that issue and counter-argument from Plaintiffs.

The Court finds that the request to inspect the property where the incident that is the subject of this action occurred, for the purpose of inspecting and photographing the exterior of the property with the Defendant and the witness Carmen Clark present, is proper under Federal Rule of Civil Procedure 34(a)(2).  Defendant's counsel will be present.  Defendant is also authorized to bring a properly licensed security person.  Neither the Defendant nor Deputy Clark may be uniformed or armed at the time of the inspection.  Plaintiffs may be present, but also may not be armed. The parties are directed to confer and agree to an inspection date and complete the inspection within 45 days (by December 30, 2016). The motion for protective order is DENIED.

**DEFENDANT'S PRODUCTION OF AUDIO RECORDINGS**.  The Plaintiffs claim that the Defendant has not provided a complete set of audio recordings of matters requested by the Plaintiffs.  It appears to the Court that this disagreement may be the result of technical deficiencies in the production.  The Defendant is directed to re-produce the requested audio recordings by November 29, 2016.

**PLAINTIFFS' RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**.  The Defendant claims that the Plaintiffs have not responded to discovery (Notice at Docket Number 71 dated September 22, 2016.)  Plaintiffs claim to have mailed the responses previously.  The Court orders the Plaintiffs to re-submit those responses to Defendant by November 29, 2016.

**PERSONNEL FILE OF DEFENDANT**.  The Plaintiffs have requested a copy of the Defendant's personnel file with the Sheriff's Department.  The Defendant objects to this request. That objection is generally overruled, but such production should be limited to matters within the scope of discovery.  Therefore, the Defendant is Ordered to produce a page-numbered copy of the file to the Magistrate Judge for review by November 29, 2016.  The Magistrate Judge will

review the file and determine which, if any, portions of the file are within the scope of discovery. The Court will then issue an order designating, by page numbers, which pages should be produced to the Plaintiffs. The Court may include a Protective Order limiting the dissemination of some pages, if appropriate.

**ADDITIONAL HEARING**. Due to time constraints, the Court and parties were unable to resolve all of the discovery issues. Also, it appears to the Court that the parties have not fully and effectively complied with Local Rule 37.2 which requires that, prior to filing motions to resolve discovery disputes, the parties must make a "reasonable effort" to confer concerning the dispute. Therefore the Court enters the following additional Orders:.

1. The Plaintiffs and counsel for Defendant shall meet in Room 406 (Magistrate Judge Gale's courtroom) in the United States Courthouse in Wichita on **December 8, 2016 at 10:00 a.m.** to confer and attempt to resolve all outstanding discovery issues.

2. Before that meeting, the Plaintiffs and Defense counsel shall confer, either in person or telephonically, to try to resolve disputes, and to create a list of issues for discussion and resolution on December 8, 2016, to discuss the scheduling of necessary depositions, and to discuss the case schedule.

3. A hearing is set for **December 8, 2016** before Magistrate Judge Gale to discuss the status and potential resolution of any outstanding discovery disputes. The parties should also be prepared to discuss the scheduling of depositions, and to discuss whether an adjustment is needed to the current case schedule.

4. Deadlines for both parties to file formal motions relating to discovery disputes are suspended pending the December 8, 2016 hearing.

IT IS SO ORDERED.

Dated November 16, 2016.

                                                            S/KENNETH G. GALE  
                                                            Kenneth G. Gale  
                                                            United States Magistrate Judge