IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENT MAYFIELD** and **TONYA MAYFIELD**, | ) ) ) |
| Plaintiff(s), | ) ) ) ) |
| v. | )  Case No. **14-1307-JTM-KGG** ) |
| **JIM BETHARDS**, | ) ) ) |
| Defendant. | ) |

### ORDERS GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

On December 8, 2016 the Magistrate Judge held a Status Conference, and considered the Plaintiffs Motion to Compel Discovery (Doc. 85). Plaintiffs Kent Mayfield and Tonya Mayfield were present, *pro se*. Defendant Jim Berthards was represented by his attorney Sharon E. Rye. The parties met in an effort to resolve some disputes before the hearing with the Court. Defendant agreed to waive the filing of a written response to the motion, and to proceed orally. The Court heard arguments of the parties on the motion and made oral rulings. This order memorializes the rulings made on the record during the hearing.[1] The following references correspond to numbered paragraphs in the Motion to Compel.

**Paragraph nos. 1, 3, 5**. The Plaintiffs continue to complain that they have not received all audio recordings requested. Following the parties informal meeting, Defendant advised the plaintiffs and the Court that additional recordings have been located. The motion is **granted**.

---

[1]The parties discussed other discovery issues informally. Only formal rulings are memorialized in this Order.

Court ordered that additional recording be produced to the Plaintiffs by December 9. If the issue persists, the parties are instructed to contact the court for an additional hearing on this issue. Plaintiffs raised the issue of sanctions, and may make a sanctions request by written motion specifying the requested sanctions.

**Paragraph nos. 3, 7.** The issue concerning the personnel file of the defendant has been resolved (see Doc. 83). The motion is **denied** as moot as to this issue.

**Paragraph no. 4**. This issue relates to Supplemental Requests for Production 5, requesting documentation of each vehicle assigned to involved officers, and Supplemental Request for Production 14 requesting a written explanation of why vehicles did not have a dash camera. Regarding Request 14, defendant states that no such document exists, and the Court agrees that the defendant is not required to create a document in response to a request for production. The motion is **denied** as to Request 14. However, the motion is **grante**d as to Request 5, and the defendant's objections are overruled, to the extent the request is seeking documents showing which vehicle was assigned to which responding officer on the date of the alleged incident. This issue also relates to Supplemental Request 13 (photographs and documents concerning vehicles). The Court **overrules** the objection to that request. However, the defendant advises the court that no such documents are in his possession, so no additional order is required concerning that request.

**Paragraph no. 6.** The Court is satisfied that the defendant has responded to this request. The motion regarding this issue is **denied**.

**Paragraph no. 8**. This issue relates to an unattached request requesting documents showing the quantity and type of ammunition issued and expended by the defendant on the day of the incident. Defendant's objections to this request are **overruled**, and defendant is ordered to

respond to the request. The motion is **granted** as to this issue.

**Paragraph no. 9.** The plaintiffs withdrew their motion concerning this issue.

**Paragraph no. 10.** The court **denies** the motion regarding this issue because the plaintiffs have failed to provide the discovery request at issue for the Court's review. *See* D. Kan. Rule 37.1.

The plaintiffs' written motion purports to lodge a general complaint to any and all discovery requests to which the defendant objected. Such a motion is insufficient to carry the plaintiffs' burden in their motion. Any portion of the motion not specifically granted herein is **denied**.

The Court made rulings concerning the following discovery disputes which were not expressly the subject of the motion.

REQUEST NUMBER 17 in Defendant's Responses to Plaintiffs' Supplemental Request for Production. Plaintiffs withdrew their challenge to the defendant's objection to this request.

Court's order for inspection (Doc. 76) is modified to allow plaintiffs to also have a licensed security or law enforcement officer for security.

The Court reviewed copies of utility bills relating to the property at which the alleged incident occurred, and ordered that the plaintiff provide defendant an unredacted copy.

IT IS SO ORDERED.

Dated December 15, 2016.

                                            S/KENNETH G. GALE
                                            Kenneth G. Gale
                                            United States Magistrate Judge