IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT MAYFIELD and
TONYA MAYFIELD,

        Plaintiffs,

v.                                                      Case No. 6:14-cv-01307-JTM

HARVEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' second "Motion for Reconsideration." (Dkt. 84). As discussed below, the motion is both untimely and fails to show any basis for reconsideration. Accordingly, it is denied.

Plaintiffs filed a *pro se* complaint alleging that two Harvey County Sheriff's Deputies, Carman Clark and Jim Bethards, "trespassed onto our private property with malicious intent to kill our pets," with Clark firing at but missing one of plaintiffs' dogs, and Bethards shooting and killing their other dog. Dkt. 1 at 1. The officers then allegedly tried to cover up their actions. Shortly after the incident, Clark was confronted by plaintiff Kent Mayfield, who was armed. Clark forced Mayfield to relinquish his firearm while they talked about the shooting. At the end of the conversation, Clark returned the firearm but kept the ammunition clip overnight. *Id*. at 2.

The complaint alleged, among other things, that Clark "is guilty of … illegal seizure of my legal firearm, constituting a violation of my Fourth Amendment

Rights…." *Id*. at 2.  It alleged that Bethards "is guilty of … a violation of my Constitutional Fourth Amendment Rights by destroying our private property, our pet Majka Tikaani." *Id*. The complaint named other defendants in addition to the two deputies.

On March 26, 2015, the court denied Bethards' motion to dismiss, finding that plaintiffs had alleged a plausible Fourth Amendment claim against him under 42 U.S.C. § 1983, and that Bethards was not entitled to qualified immunity. Dkt. 51 at 8. The court found that Clark was entitled to dismissal of the Fourth Amendment claim against him, because the temporary seizure of Mayfield's firearm and ammunition clip were reasonable, and he was therefore entitled to qualified immunity. *Id*. at 9.  The court also dismissed all of the other named defendants.

Bethards appealed the denial of qualified immunity, but the Tenth Circuit affirmed that ruling. Dkt. 63. Plaintiffs attempted to appeal the court's dismissal of the other defendants, but the Tenth Circuit dismissed that appeal for lack of jurisdiction.[1] Dkt. 61.

On September 19, 2016, plaintiffs filed a "Motion for Reconsideration" (Dkt. 69) which, among other things, argued that the court erred in finding that Clark was entitled to qualified immunity. Although the motion was arguably untimely, the court

---

[1] Plaintiffs have since attempted to take another interlocutory appeal with respect to the Magistrate Judge's discovery rulings, but that appeal was dismissed for lack of prosecution. Dkt. 94.

reviewed the arguments set forth and denied them in an order filed October 27, 2016. Dkt. 73.[2]

On December 1, 2016, plaintiffs filed a second "Motion for Reconsideration." Dkt. 84. This motion again argues that the court erred in finding that Clark was entitled to qualified immunity. *Id*. at 2. Plaintiffs argue that in denying their first motion to reconsider, the court ignored the allegations in the complaint and showed no reason "why Carman Clark would be eligible for qualified immunity for the illegal search of the property." *Id*.

The only Fourth Amendment violation alleged against Clark in the complaint was the allegation that Clark's seizure of the firearm violated Mayfield's Fourth Amendment rights. Dkt. 1 at 2. Plaintiffs have shown no error with respect to the ruling that Clark was entitled to qualified immunity on that claim. Additionally, as defendant points out, plaintiffs' second motion to reconsider is untimely under D. Kan. R. 7.3, and is denied for that reason as well. *See* D. Kan. R. 7.3(b) (motion to reconsider non-dispositive order must be filed within 14 days of the order). No further motions to reconsider this issue will be entertained.

---

[2] Shortly after the court entered this order, it was informed that plaintiffs had mailed a brief entitled "Plaintiff's Response to Mediation Request" to the court, which had been directed to the Magistrate Judge's chambers because it appeared to deal with mediation and/or discovery requests. *See* Dkt. 75. The brief included one section arguing that plaintiffs' motion for reconsideration was timely. Because the court did not deny the above-described motion on grounds of untimeliness, however, nothing in this brief would have altered the court's ruling.

**IT IS THEREFORE ORDERED** this 13th day of January, 2017, that plaintiffs' Motion to Reconsider (Dkt. 84) is DENIED.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE