IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT MAYFIELD and )
TONYA MAYFIELD, )
)
          Plaintiffs, )
)
) Case No. 14-1307-JTM-KGG
)
v. )
)
JIM BETHARDS, )
)
          Defendant. )
_____ )

## ORDER DENYING MOTION FOR SANCTIONS

Plaintiffs move for sanctions (Doc. 93) pursuant to Fed.R.Civ.P. 37 against Defendant and the Harvey County Sheriff's Department for failure to produce a requested record in discovery. There is no dispute that Defendant attempted to respond to the request, but failed to produce the record until Plaintiffs made repeated requests. It is also undisputed that Plaintiffs had a copy of this record before the lawsuit was filed because it was produced for them pursuant to a Kansas Open Records Act request.

Sanctions may be adjudged against a party who fails to obey and order or permit discovery. Fed.R.Civ.P. 37(b)(2). Because the failure in this case was not a failure of Defendant or his counsel, the motion is **DENIED**.

The record at issue is an electronic recording of a call with the dispatch office. The recording is in the possession of the Harvey County Sheriff's Department (HCSD). HCSD was a Defendant in this case, represented by the same counsel who represent Defendant Deputy Berthards, but was dismissed from the case. (*See* Doc. 49.) Because HCSD is not a party, and has not been served with a subpoena to produce documents pursuant to Fed.R.Civ.P. 45, the Court cannot consider sanctions against it.

The motion for sanctions against Defendant Berthard and his counsel is not, however, resolved simply on the argument that the recording was in the possession of HCSD and not Defendant. Defense counsel did not object to requests from Plaintiffs for HCSD information on the basis that HCSD rather than Defendant had access to the information. Rather, they accommodated Plaintiff's requests, thus commendably helping Plaintiffs avoid the sometimes onerous Rule 45 process, by representing an ability to obtain records from HCSD.

Defendant also did not object that the document was outside his "control" within the meaning of Rule 34. A somewhat Keystone Cops-like chase ensued, however, with Plaintiffs insisting on the production of a recording they already had[1] and defense counsel shuttling between Plaintiffs and HCSD trying to clarify

---

[1] The issue is not completely resolved by fact that the missing recording was already in the possession of Plaintiffs. The fact that evidence can be obtained from another source does not relieve a party from producing the evidence. It can be important

whether the recording was among those already produced (it was not) or whether it could still be produced.

In its response to this motion, Defendant has provided an affidavit from the Director of Communications for Harvey County, the custodian of the recordings, stating that in responding to Plaintiffs' discovery requests he "mistakenly missed one of the calls that I had found and provided to the Mayfields in 2014." (Doc. 96-1.) At present, there is no evidence that this assertion of inadvertence is untrue. More importantly, though, there is no evidence that either the mistake, or anything more nefarious, is attributable to either Defendant Berthards or his attorneys.

The only prejudice to Plaintiffs was the time spent in repeatedly requesting the recording, in addition to some delay in the overall proceeding. Because the mistake is not shown to have been caused by conduct of Defendant Berthards or his counsel, the imposition of sanctions is inappropriate. Plaintiff's Motion to Impose Sanctions (Doc. 93) is, therefore, **DENIED**.

---

to establishing authenticity to obtain a document in the litigation directly from the custodian. Because the recording has now been produced, though, this is not an issue. Also, the failure to produce a responsive (and, Plaintiffs may argue, helpful) record compromises the requestor's confidence in the completeness of the overall production. Even so, the Court lacks evidence to conclude that the production was otherwise incomplete. Plaintiffs are free to develop evidence on that issue for trial, and if the delay in production itself is deemed probative by the trial judge, may present that evidence to the jury. The eventual production of the recording does eliminate a claim based on spoliation, since the evidence was not lost or destroyed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Impose Sanctions (Doc. 93) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of February, 2017.

                                              S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge