# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENT MAYFIELD and )
TONYA MAYFIELD, )
                 )
         Plaintiffs, )
                 )
                 )     Case No. 14-1307-JTM-KGG
                 )
v. )
                 )
JIM BETHARDS, )
                 )
         Defendant. )
_____ )

## ORDER DENYING MOTION FOR SANCTIONS

Plaintiffs bring their "Motion to Compel Evidence and Impose Sanctions for Non-Compliance" (Doc. 114) in relation to a subpoena sent to non-party Harvey County Sheriff's Department (hereinafter "Sheriff's Department"). The Court **DENIES** the motion on procedural and substantive grounds.

It is undisputed that the subpoena at issue was mailed to the Sheriff's Department as well as to counsel for Defendant Bethards. Federal Rule of Civil Procedure 45 governs subpoenas. This service was insufficient as service must be made on the person, not by mail. Fed.R.Civ.P. 45(b)(1). This alone is a sufficient basis to deny Plaintiffs' motion.

Plaintiffs also failed to provide the requisite notice that they were going to

issue a subpoena.  Subsection (a)(4) of the Rule states that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  As the Sheriff's Department indicates, Plaintiffs "sent only their 15-item list without context or describing their intent to seek a subpoena, failed to file notice of their intent, and has [sic] not filed a certificate of service of such subpoena."  (Doc. 122, at 3.)

The Sheriff's Department also contends that Plaintiffs failed to fulfill their duty to confer pursuant to Fed.R.Civ.P. 37(a)(1) and D. Kan. Rule 37.2 prior to filing the present motion to compel.  This is a prerequisite to the Court entertaining any motion to compel.

Any of these three procedural issues alone would constitute a sufficient basis for the Court to deny Plaintiffs' motion.  Even so, the Sheriff's Department has also outlined several substantive reasons why the motion should fail.

First, the Sheriff's Department contends that the scope of the information requested is irrelevant to what is at issue in this litigation.  Plaintiffs allege violations of their Constitutional rights resulting from the alleged shooting of their dogs, one of which was killed, by Defendant Deputy Bethards.  Unfortunately the Court is not in a position to rule on this issue because it appears that neither party

has provided the Court with a copy of the subpoena at issue.

Next, the Sheriff's Department argues that "the burden of compliance is undue because, among other things, the Mayfields have already sought and obtained this information from Deputy Bethards." (Doc. 122, at 4.) It is not improper for Plaintiffs to request the same information from more than one individual or entity because they have no way of knowing if one individual has the exact same information or documents as another individual or entity. In this instance, however, the Sheriff's Department indicates that all of its responses "would be the same as Deputy Bethards' responses." (*Id.*) The Sheriff's Department also indicates that because "Deputy Bethards was not in possession of [all of the relevant] items personally, . . . the Sheriff and county officials worked with him to produce them" to Plaintiffs. (*Id.*, at 4-5) Given the procedural failures of the subpoena at issue, the Court finds this affirmation of the Sheriff's Department to be sufficient.

Finally, Plaintiffs' subpoena is improper, and their motion must be denied, because the Sheriff's Department was only given 4 days to respond to the subpoena. Fed.R.Civ.P. 45(d)(3)(A)(I) requires a Court to quash or modify a subpoena that "fails to allow a reasonable time to comply."


**IT IS THEREFORE ORDERED** that Plaintiffs' "Motion to Compel

Evidence and Impose Sanctions for Non-Compliance" (Doc. 114) is **DENIED** for

the reasons set forth more specifically above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 9th day of June, 2017.

 s/ KENNETH G. GALE

KENNETH G. GALE
United States Magistrate Judge